IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFF GACHET, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-2619-KHV |
| ) | |
| O'REILLY AUTO ENTERPRISES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Jeff Gachet filed suit against his former employer O'Reilly Auto Enterprises, LLC ("O'Reilly"). Plaintiff alleges that in violation of 42 U.S.C. § 1981, defendant created a racially hostile work environment and terminated his employment because of his race and in retaliation for his complaints of race discrimination. This matter is before the Court on defendant's Motion For Judgment On The Pleadings (Doc. #19) filed February 12, 2020. For reasons stated below, the Court sustains defendant's motion and dismisses this action.

**Factual And Procedural Background**

From July of 2015 to July 18, 2016, plaintiff worked as a retail service specialist at defendant's auto parts store in Leavenworth, Kansas.

On January 10, 2017, in the Circuit Court of Greene County, Missouri, plaintiff filed suit against defendant. Under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. 213.010 et seq., plaintiff alleged that defendant created a racially hostile work environment and terminated his employment because of his race and in retaliation for his complaints of race discrimination. See Petition For Damages, Exhibit B to defendant's Suggestions In Support Of Motion For Judgment On The Pleadings (Doc. #20) filed February 12, 2020. On August 11, 2017, plaintiff

amended his petition to assert a claim against an additional defendant, Ozark Services, Inc., but the substance of his claims against O'Reilly remained the same. See First Amended Petition For Damages, Exhibit C to defendant's Suggestions In Support Of Motion For Judgment On The Pleadings (Doc. #20).  On July 8, 2019, after a hearing, the Missouri court entered summary judgment in favor of O'Reilly, finding that it was not an "employer" as defined in the MHRA. See Judgment, Exhibit D to defendant's Suggestions In Support Of Motion For Judgment On The Pleadings (Doc. #20).[1]

On December 17, 2019, plaintiff filed the instant action.  Under 42 U.S.C. § 1981, plaintiff alleges that defendant created a racially hostile work environment and terminated his employment because of his race and in retaliation for his complaints of race discrimination.

Defendant seeks judgment on the pleadings.  Defendant argues that based on res judicata principles, the judgment from the prior Missouri action bars plaintiff from asserting his claims in this action.

**Legal Standards**

A motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.  See Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000).  In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its

---

[1] The Missouri court also entered judgment in favor of Ozark Services, Inc., but the docket sheet does not reflect the basis of the judgment against that defendant.

face.  Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679–80.

Plaintiff bears the burden to frame his claims with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendant's liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not shown—that the pleader is entitled to relief. See id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008).

## Analysis

Defendant argues that based on res judicata principles, the judgment from the prior Missouri action bars plaintiff from asserting his claims in this action.  Res judicata is an affirmative defense on which defendant bears the burden of proof.  See Fed. R. Civ. P. 8(c); Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1256 (10th Cir. 1997).  Defendant may properly raise the defense in a Rule 12(c) motion when all relevant facts are shown by the Court's own records, of which the

Court takes judicial notice.  Merswin v. Williams Cos., Inc., 364 F. App'x. 438, 440–41  (10th Cir. 2010) (Rule 12(b)(6)).  In addition, the Court may take judicial notice of public records from other proceedings.  United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).  Here, the Court takes judicial notice of the documents from the prior Missouri action, including the docket sheet (Doc. #20-1), the petition (Doc. #20-2), the amended petition (Doc. #20-3), defendant's motion for summary judgment (Doc. #21-1) and the judgment (Doc. #20-4).

The full faith and credit provision of 28 U.S.C. § 1738 requires federal courts to give a state court judgment the same preclusive effect it would receive under the law of the state in which the judgment was rendered.  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  The Court therefore applies Missouri law to determine whether the doctrine of res judicata bars plaintiff's claims in this action.  See Hatch v. Boulder Town Council, 471 F.3d 1142, 1146 (10th Cir. 2006); Fox v. Maulding, 112 F.3d 453, 456 (10th Cir. 1997).

Under Missouri law, res judicata applies if a party establishes the following three elements: (1) a court of competent jurisdiction issued a prior judgment, (2) the prior judgment was a final judgment on the merits and (3) both cases involve the same cause of action and the same parties. Brown v. Kansas City Live, LLC, 931 F.3d 712, 714 (8th Cir. 2019); Bannum, Inc. v. City of St. Louis, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006); see Atkinson v. Firuccia, 567 S.W.3d 190, 194–95 (Mo. Ct. App. 2018) (res judicata bars same parties from re-litigating claim previously decided on merits by final judgment).  Res judicata precludes not only those issues on which the court in the former case was required to pronounce judgment, but "every point properly belonging to the subject matter of the litigation and which the parties, exercising reasonable diligence, might have brought forward at the time."  Chesterfield Village, Inc. v. City of Chesterfield, 64 S.W.3d 315, 318 (Mo. 2002).

Here, plaintiff does not dispute that the first and third elements are satisfied.  Thus, the issue turns on whether defendant has shown that the prior Missouri action resulted in a final judgment "on the merits."

Under Missouri law, for purposes of res judicata, "summary judgment is *always* a judgment on the merits." State ex rel. City of Blue Springs, Mo. v. Schieber, 343 S.W.3d 686, 690 (Mo. Ct. App. 2011) (emphasis in original); see FH Partners, LLC v. Complete Home Concepts, Inc., 378 S.W.3d 387, 404 (Mo. Ct. App. 2012); Williams v. Rape, 990 S.W.2d 55, 56 (Mo. Ct. App. 1999). Here, the Missouri court granted summary judgment because plaintiff had not raised a "genuine issue of material fact" whether O'Reilly was his "employer" as defined in the MHRA.  Judgment, Exhibit D to defendant's Suggestions In Support Of Motion For Judgment On The Pleadings (Doc. #20).  The issue whether defendant qualified as plaintiff's employer under the MHRA went to the merits of plaintiff's claim in the Missouri action.  See Young v. St. John's Mercy Health Sys., No. 10CV824-TIA, 2011 WL 9155, at *5 (E.D. Mo. Jan. 3, 2011) (because plaintiff did not present evidence that defendant was employer under MHRA, defendant entitled to summary judgment).

Plaintiff argues that res judicata does not apply because the Missouri judgment was based on lack of subject matter jurisdiction.  See Plaintiff's Suggestions In Opposition To Motion For Judgment On The Pleadings (Doc. #21) filed March 3, 2020 at 3–4.  Plaintiff cites no authority for the proposition that his failure to present evidence that defendant was an "employer" under the MHRA is a "purely jurisdictional" issue.  Id. at 5.  Indeed, in the context of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Supreme Court reached a contrary conclusion. See Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006) (threshold number of employees to qualify as "employer" under Title VII is element of plaintiff's claim for relief, not "jurisdictional"); see also Argyle Realty Assocs. v. N.Y. State Div. of Human Rights, 882 N.Y.S.2d 458, 463 n.1 (N.Y.

App. Div. 2009) (because New York Human Rights Law does not explicitly state that four-employee minimum relates to subject matter jurisdiction, requirement treated as element of claim). In addition, plaintiff does not dispute the general proposition that Missouri courts treat summary judgment as a final judgment on the merits.  For these reasons, under res judicata principles, the judgment in the prior Missouri action precludes plaintiff from raising his claims in this action.  The Court therefore sustains defendant's motion for judgment on the pleadings.

**IT IS THEREFORE ORDERED** that defendant's Motion For Judgment On The Pleadings (Doc. #19) filed February 12, 2020 is **SUSTAINED**.  The Court dismisses this action.

Dated this 28th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
